IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

VICKIE JONES,

        Plaintiff,

v.                              NO. 04-2009 Ma/V

WESLEY NEUROLOGY CLINIC,

        Defendant.

## JOINT PRE-TRIAL ORDER

The parties, by counsel, having proposed this Joint Pre-Trial Order, the Court finds and orders the following:

1.    Nature of Action and Jurisdiction

This action involves claims under the Age Discrimination in Employment Act of 1967, 29 USC §621, et seq., the Americans with Disabilities Act, 42 USC §12101, et seq., and claims under the Tennessee Human Rights Act. Jurisdiction is conferred by 29 U.S.C. 1331.

2.    Pending Motions

There are no pending motions in this cause.

3.    Status of Pleadings

The pleadings are complete.

4.    Status of Discovery

One fact witness, Leigh Marks, has not yet been deposed due to avoidance or lack of service of process.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-2-05

5. <u>Settlement Negotiations</u>

The parties have unsuccessfully discussed settlement.

6. <u>Contentions of Plaintiff Vickie Jones</u>

The Plaintiff, Vickie Jones, was hired on at Wesley Neurology Clinic on April 17, 2000 as a Medical Assistant. Plaintiff was terminated on July 3, 2004 for displaying "a pattern of absenteeism prior to time off" according to the employer. Plaintiff has never been written up for any disciplinary problems prior to her termination. Vickie Jones supervisor was Dr. Stephen Landy. Vickie Jones was seen for pain by Dr. Landy on March 3, 2003 and again on July 2, 2003 for back pain. On March 3, 2003, Dr. Landy signed a medical evaluation of Plaintiff stating that she would need to continue arthritis medication for elbow pain she had had for approximately two months. Plaintiff moved between five and seven thousand charts from file cabinets to the waiting room floor on July 1, 2003. The next morning Plaintiff came in early and refilled all the files. Due to the excess hours worked, Plaintiff's back hurt so badly that she could hardly move. Dr. Landy conducted a nerve conduction test on the Plaintiff's back and stated that nothing showed up. By Thursday, July 3, 2003, morning, Plaintiff could not move because her back hurt so badly. Plaintiff followed the same procedure she had for the past three years of employment with Wesley Neurology; she gave the key to the narcotics cabinet to Leigh and Leigh Marks was to give it to Dr. Landy and inform him that the Plaintiff would be out sick for the day. On July 3, 2003, Plaintiff received a phone call a few minutes after 5:00 p.m. from Leigh Marks stating that the Plaintiff was going to be fired. Plaintiff immediately called Dr. Landy at his home to ask him why this was happening. Dr. Landy stated to Plaintiff that she was being fired because of her age, because she was raising her grandkids and because she "hurt". Plaintiff reiterated this to Dr. Landy in the presence of Rick Gay and Ronnie Gay. Dr. Landy on previous occasions has stated

2

to Plaintiff that he was amazed that she could work at her age and while raising her grandchildren. On one occasion, Dr. Landy stated to Plaintiff that he had hired Plaintiff when she was not raising grandchildren and not responsible for anything else. Plaintiff was scheduled for vacation leave from July 7, 2003 to July 11, 2003. Plaintiff did not receive a termination letter in the mail and went to the office on July 14, 2003. She was met by both Leigh Marks and Dr. Landy asking her "what the fuck [she] was doing there". Plaintiff was told that she would need to drive down to the corporate office to pick up her termination letter. The reasons stated in Plaintiff's termination letter are fabricated and false, said allegations made by Dr. Landy and Wesley Neurology in an attempt to cover the real reasons Dr. Landy fired Vickie Jones which were discrimination due to her disability and age. Plaintiff's position was filled by a 35 year old female. Wesley Neurology's Employee Handbook states that they use a progressive discipline format where in "verbal notice is first given to an employee", then "written warning suspension, or, as a last resort, discharge based upon a supervisor's judgment."

Wesley Neurology violated its own policies and procedures. Vickie Jones was never given any verbal or written warnings or suspensions prior to her termination. Plaintiff was awarded unemployment compensation on August 8, 2003 as there was no evidence of prior warning and the employer had not provided sufficient evidence to prove the Plaintiff's actions constituted work related misconduct. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"), Memphis Area Office, pursuant to the provisions of 42 U.S.C. § 2000 et seq., which charge was assigned Charge No. 250-2004-00082, alleging Disability and Age Discrimination. Age and disability were undoubtedly a factor when these employment decisions were made concerning the Plaintiff. Therefore, the Plaintiff avers and believes that the foregoing treatment afforded her was made and done with the intent

and effect of discriminating against and harassing her because of her age and disability.

All of the above acts of Defendant set forth hereinabove constitute outrageous misconduct and have caused and will continue to cause the Plaintiff extreme mental and physical pain, agony and anguish, loss of income and employment opportunities, extreme loss of social standing and reputation and loss of the enjoyment of life, for all of which the Plaintiff sues. The process of complaint and investigation offered by the Defendant is in violation of federal statutes and codes and the case law interpreting them. At all times relevant hereto, Defendant and its officers, administrators and employees were acting pursuant to the authority provided to them by Wesley Neurology. Plaintiff sues for lost wages, prospective lose wages and other economic damages to her as well as damages for emotional and psychological distress endured in addition to damages for violations of her constitutional and civil rights.

7.   Contentions of Defendant Wesley Neurology Clinic

Defendant hired Plaintiff on April 17, 2000 to work with Dr. Steven Landy, who was principally responsible for the decision to hire Plaintiff. Between her hire in April of 2000 and her termination on July 3, 2003, Plaintiff had consistent attendance problems.

Plaintiff suffered from some pain, but nothing which affected a significant life activity. She was not disabled as of July 3, 2003.

On July 3, 2003, the day before a holiday and the day before a scheduled week long vacation, Plaintiff did not report to work and failed to call in to advise her employer of her proposed absence.

Because this absence indicated a continuing abuse of the attendance policy, and because Dr. Landy was without either Plaintiff's assistance on July 3, 2003 or notice as to her absence, Dr. Landy initiated Plaintiff's termination.

4

Later that day, Plaintiff telephoned Dr. Landy at his home and inquired as to the reasons for her termination. During that conversation, Dr. Landy gave Plaintiff no reason to believe that either her age or her physical condition had anything to do with his decision to terminate her employment.

Neither Plaintiff's age nor her physical condition played any role in Defendant's decision to terminate her employment.

Defendant has suffered no damages as a result of the loss of employment, as she claims to be physically unable to work.

This case should be dismissed at Plaintiff's cost.

8. <u>Stipulations</u>

   a. Vickie Jones was hired on April 17, 2000 as a medical assistant.

   b. Vickie Jones never received written disciplinary action from Wesley Neurology throughout her employment.

   c. Defendant terminated Plaintiff's employment on July 3, 2003.

   d. Defendant compensated Vickie Jones at the rate of $13.75 per hour as of July 3, 2003.

9. <u>Plaintiff's Contested Issues of Fact and Law</u>

   a. Whether the Defendants violated the Americans with Disabilities Act.

   b. Whether the Defendants have violated the Age Discrimination in Employment Act of 1967 and the Americans with Disabilities Act.

   c. Whether the Defendant "perceived" Ms. Jones to have a disability.

   d. Whether Dr. Landy made comments about Ms. Jones age, grandkids and "hurting".

   e. Damages, including punitive.

   f. Attorney's Fees

 10. <u>Defendant's Statement of Contested Issues of Fact:</u>

   1. Whether Plaintiff's age or physical condition motivated Defendant to terminate her employment.

   2. Whether Plaintiff had a disability within the meaning of the ADA?

   3. Whether Plaintiff suffered any wage loss as a result of discrimination based on her age or physical condition?

   4. Whether Plaintiff properly mitigated her damages?

   5. Whether Plaintiff can establish a "willful" violation of the ADEA on the part of the employer which would entitle the Plaintiff a right to claim liquidated damages under the ADEA?

 11. <u>Plaintiff's Witnesses</u>

   a. Will Call

    1. Vickie Jones

    2. Ronnie Gay

    3. Rick Gay

   b. May Call

    1. Dr. Stephen Landy

    2. Leigh Smith-Marks, 3797 Rockwood Avenue, Memphis, Tennessee 38122.

    3. Becky Beffingfield, Wesley Neurology Germantown, Tennessee Office

       4.     Kathy Person

       5.     Deborah Mitchell

       6.     James R. Lucas, 1211 Union Avenue, Suite 400; Memphis, Tennessee 38104

       7.     Judy McGinnis

       8.     Dr. Anwar Manugian, 7655 Poplar Avenue, Suite 260, Memphis, Tennessee 38134; (901) 756-0068

       9.     Any of Defendant's witnesses.

12.   <u>Exhibits</u>

    a.   Plaintiff's exhibits:

       Wesley Neurology Patient Registration Form of Vickie Jones

       Wesley Neurology Medical Records of Ms. Vickie Jones

       Wesley Neurology Office Evaluations of Ms. Vickie Jones dated 3/3/03, 4/9/03, 6/10/03

       Wesley Neurology laboratory test results ID# 56491

       Defendant's Responses to Plaintiff's Interrogatories and Request for Production of Documents

       Defendant's Supplemental Responses to Plaintiff's Interrogatories and Request for Production of Documents

       Separation Notice, Completed and Released to Employee on July 3, 2003, signed by Jim Lucas

       Tennessee Department of Labor and Workforce Development Division of Employment Security Agency, Decision, showing Claim Date of July 14,

2003 and Monetary Determination.

Families First Approval Letter showing mail date of November 12, 2003

Letter from Vickie Jones to Mr. John Williams, Labor Standards Inspector dated September 9, 2003.

Tennessee Department of Labor and Workforce Development Statement of Claim for Wages or Rest/Lunch Period

Vickie Jones personnel file

Attendance Cards of Vickie Jones

Request for Vacation Time from Vickie Jones dated April 11, 2003.

Memo to All Wesley Employees from Mary Arm Bolden dated July 21, 2003, re: Time Off Request

Vickie Jones resume

Application of Vickie Jones

Equal Employment Opportunity Commission (EEOC) Notice of Charge of Discrimination dated October 7, 2003 signed by Ms. Katherine Kores

EEOC Notice of Rights dated October 7, 2003 of Vickie Jones.

EEOC Charge of Discrimination filed October 6, 2003 of Vickie Jones

Acknowledgement of Initial Report of Loss from CAN re: Vickie Jones

Fax to CNA from John Lucas dated July 28, 2003 and attachments

Request for Separation Information from Tennessee Department of Labor and Workforce Development to Wesley Neurology re: Vickie Jones

Subpoena of Leigh Marks for deposition on June 9, 2000.

Request for earned vacation time from Attorney Mullikin dated March 3,

    2004.

    Sign In sheet from Wesley Neurology hand dated April 25

    Evaluation of Deborah Mitchell dated April 25, 2003

    Treatment sheet of Deborah Mitchell dated April 25, 2003

    Copies of receipts numbered: 082838-082843 and 082675-082678

    Deposition of Vickie Jones and Exhibits

    Deposition of Rick Gay and Exhibits

    Deposition of Ronnie Gay and Exhibits

    Stephen H. Landy, M.D. September 25, 2003 note to file of Phyllis Carol Burnett

  b.  Defendant's exhibits:

    Defendant will introduce Plaintiff's personnel file, and may introduce any exhibit listed by Plaintiff.

  13.  <u>Defendant's Objections</u>

Defendant reserves any objections to the admissibility of all or parts of certain witness' testimony pursuant to the Federal Rules of Evidence.

Defendant objects to any testimony offered through any witness who was not properly disclosed pursuant to Rule 26.

Defendant objects to testimony through deposition of any witness without a showing of unavailability.

Defendant objects to the testimony of witness testimony through deposition without first designating said testimony pursuant to Federal Rule of Civil Procedure 26(a)(3)(B) and the time requirements and procedures specified by those rules.

Defendant objects, as a preliminary matter, to the eliciting of hearsay testimony of any of these witnesses and requests that the Court require Plaintiff's counsel to establish appropriate foundational facts before eliciting responses from any witness.

Further, while Defendant may stipulate to the authenticity of certain documents, Defendant will still require Plaintiff to establish an evidentiary basis for the same and reserves all objections until the time of trial.

14.  Defendant's Witnesses:

Defendant will call at trial Stephen Landy, M.D. and James Lucas.

Defendant may call at trial the following witnesses by live testimony or by deposition (upon a showing of unavailability):

Vickie Jones

Leigh Marks

Judy McGinnis

Any witnesses listed by Plaintiff in her pretrial disclosures or called by Plaintiff to testify at trial;

Undisclosed rebuttal witnesses required by contingencies of proof.

If any of the above witnesses become unavailable, the deposition of such witness may be used as a testimonial substitute. The depositions of all witnesses who have been deposed in this case will be used for impeachment purposes.

15.  Trial

    a.  Counsel estimates the length of this bench trial at two (2) days.

    b.  This Pre-Trial Order has been formulated at a pre-trial conference before the United States District Judge, notice of which was duly served upon all

parties, at which the parties attended as herein above shown. Reasonable opportunity has been afforded for corrections or additions prior to signing. This Order will control the course of the trial, as provided by Rule 16, Federal Rules of Civil Procedure, and it may not be amended except by order of the court.

c. This trial will be bifurcated for punitive damage purposes if punitive damages are allowed.

d. If the Plaintiff or Defendants intend to use additional witnesses or exhibits at trial, counsel will report the name and address of each witness and/or provide each exhibit to the opposing counsel with the exception of rebuttal witnesses, whose testimony cannot reasonably be anticipated.

Dated this 20th day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

_____
RANDALL B. TOLLEY
Attorney for Plaintiff
242 Poplar Avenue
Memphis, Tennessee 38103
(901) 526-1088

_____
HENRY C. SHELTON, III
Attorney for Defendant
Armstrong Allen, PLLC
80 Monroe Avenue, Suite 700
Memphis, Tennessee 38103
(901) 524-4941

11

## VICKIE LYNN JONES ADDITIONAL EXHIBITS

1. Vickie Jones W2 form for 2003
2. Deposition of Leigh Marks
3. Statement of Leigh Marks dated
4. Tennessee Department of Workforce Development Employer's First Report of Work Injury or Illness prepared by Jim Lucas
5. Statement from Stephen Landy to Jim Lucas not dated Re: events of July 1, 2003
6. Letter from John Michael Bailey to Wesley Neurology dated July 16, 2003
7. Letter to CNA from Jim Lucas dated July 28, 2003



# Notice of Distribution

This notice confirms a copy of the document docketed as number 41 in case 2:04-CV-02009 was distributed by fax, mail, or direct printing on June 7, 2005 to the parties listed.

---

Henry C. Shelton
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Vickie L. Jones
1093 Lorraine St.
Mphs, TN 38122

Randall Blake Tolley
LAW OFFICE OF RANDALL B. TOLLEY
242 Poplar Ave.
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT